**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ASSANE LO FALL,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | Civil Action No.  3:26-CV-01886-O |
| | § | |
| **ROBERT CERNA, ET AL.,** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Before the Court is Petitioner Assane Lo Fall's Petition for Writ of Habeas Corpus (ECF No. 1). Having considered the petitioner and the applicable law, the Court finds that Petitioner's Petition should be, and hereby is, **DENIED**.

## I.    BACKGROUND[1]

Petitioner is a native and citizen of Senegal. Petitioner was ordered removed by an Immigration Judge on February 3, 2026, and has timely appealed that order. Petitioner filed a petition for writ of habeas corpus on June 8, 2026, seeking relief under the Due Process clause of the Fifth Amendment.

## II.    LAW AND ANALYSIS

Petitioner's sole claim for relief is brough under the Due Process clause of the Fifth Amendment. Plaintiff argues that he is constitutionally entitled to meaningful review of his detention, including, at minimum, a custody hearing.[2] The Court disagrees.

---

[1] The Court's recitation of the facts is taken from the Petition, ECF No. 1.
[2] Pet. ¶ 38, ECF No. 1. The Court notes that Petitioner did receive a bond hearing, but the Immigration Judge denied bond for lack of jurisdiction. *Id.* at ¶ 36.

1

"[T]he Supreme Court has endorsed the constitutionality of detaining aliens without bond during the pendency of removal proceedings." *Zuniga v. Lyons*, 814 F. Supp. 3d 685, 697 (N.D. Tex. 2025) (discussing *Demore v. Kim*, 538 U.S. 510 (2002)). Accordingly, substantive due process is not offended by an alien's detention pending removal proceedings. *Id.* "[W]hen the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Demore*, 538 U.S. at 528. It follows that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* at 526. "Against that backdrop, the notion that substantive due process requires a bond hearing is untenable." *Zuniga*, 814 F. Supp. at 697.

Here, Petitioner's pending appeal is part of his removal proceedings. *See* 8 U.S.C. § 1231. At this stage, because Petitioner is being detained related to his removal proceedings, the Government may constitutionally detain him during the limited period of time necessary to resolve those proceedings. *Demore*, 538 U.S. at 528. Accordingly, Petitioner's Petitioner must be **DENIED**.

### III.    CONCLUSION

For the reasons stated above, Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED**.

**SO ORDERED** on this **11th day** of **June, 2026**.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**